Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000462
03-FEB-2016
10:49 AM

NO. CAAP-15-0000462

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

DIANNE KAWASHIMA, individually and on behalf of
all others similarly situated,
Plaintiff/Appellee/Cross-Appellant,
v.
STATE OF HAWAI'I, DEPARTMENT OF EDUCATION,
KATHERYN S. MATAYOSHI, in her official capacity as
Superintendent of Schools, DONALD G. HORNER, BRIAN J. DELIMA,
KEITH AMEMIYA, CHERYL KA'UHANE LUPENI, PATRICIA HALAGAO,
NANCY JO YAMAKAWA BUDD, JIM D. WILLIAMS, AMY ASSELBAYE,
and GRANT CHUN, in their official capacities as members of the
State of Hawai'i Board of Education,
Defendants/Appellants/Cross-Appellees,
and
DOE DEFENDANTS 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 06-1-0244-02)

ORDER DISMISSING APPELLATE COURT CASE NUMBER
CAAP-15-0000462 FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that we lack

appellate jurisdiction over Defendants/Appellants/Cross-Appellees

State of Hawai'i Department of Education, Kathryn S. Matayoshi,

Donald G. Horner, Brian J. Delima, Keith Amemiya, Cheryl Ka'uhane

Lupeni, Patricia Halagao, Nancy Jo Yamakawa Budd, Jim D.

Williams, Amy Asselbaye, Grant Chun and the State of Hawai'i

Board of Education's (the State Appellants) appeal and

Plaintiff/Appellee/Cross-Appellant Dianne Kawashima's (Cross-Appellant Kawashima) cross-appeal from the Honorable Edwin C. Nacino's May 18, 2015 judgment, because the May 18, 2015 judgment does not satisfy the requirements for an appealable final judgment under Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2015), Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document. "An appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008); Bailey v. DuVauchelle, 135 Hawai'i 482, 489, 353 P.3d 1024, 1031 (2015). Furthermore,

> if a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (emphases added).

> For example: "Pursuant to the jury verdict entered on (date), judgment in the amount of $___ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I

-2-

> through IV of the complaint." . . . . If the circuit court
> intends that claims other than those listed in the judgment
> language should be dismissed, it must say so: for example,
> "Defendant Y's counterclaim is dismissed," or "Judgment upon
> Defendant Y's counterclaim is entered in favor of
> Plaintiff/Counter-Defendant Z," or "all other claims,
> counterclaims, and cross-claims are dismissed."

Id. at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphasis added).

When interpreting the requirements for an appealable final

judgment under HRS § 641-1(a) and HRCP Rule 58, the Supreme Court

of Hawai'i has explained that

> [i]f we do not require a judgment that resolves on its face
> all of the issues in the case, the burden of searching the
> often voluminous circuit court record to verify assertions
> of jurisdiction is cast upon this court. Neither the
> parties nor counsel have a right to cast upon this court the
> burden of searching a voluminous record for evidence of
> finality, . . . and we should not make such searches
> necessary by allowing the parties the option of waiving the
> requirements of HRCP [Rule] 58.

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (citation omitted;

original emphasis).

Although the instant case involves two separate and

distinct counts that Cross-Appellant Kawashima asserted in her

December 15, 2011 second amended complaint, the May 18, 2015

judgment purports to enter judgment in favor of Cross-Appellant

Kawashima and against the State Appellants in the amount of

$24,026,329.52, without specifically identifying the count on

which the circuit court intends to enter judgment. Furthermore,

the May 18, 2015 judgment does not contain language that either

enters judgment on or dismisses the remaining count. Although

the May 18, 2015 judgment closes with a statement that "[t]here

are no remaining claims, parties or issues[,]" the Supreme Court

of Hawai'i has explained that

> [a] statement that declares "there are no other outstanding
> claims" is not a judgment. If the circuit court intends
> that claims other than those listed in the judgment language

-3-

should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Jenkins, 76 Hawaiʻi at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphases added). Without specifically identifying the claim on which the circuit court intends to enter judgment, and without language that expressly dismisses the remaining claim, the May 18, 2015 judgment does not satisfy the requirements for an appealable final judgment under HRS § 641-1(a), HRCP Rule 54(b), HRCP Rule 58, and the holding in Jenkins. Absent an appealable final judgment, we lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-15-0000462 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, February 3, 2016.

Presiding Judge

Associate Judge

Associate Judge

-4-